IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HAROLD D. YOUNCE**                                                                              **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:11cv89-KS-MTP**

**WILEY J. BEAVERS, ET AL.**                                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION**

This matter is before the court *sua sponte* for case management purposes upon receipt of Plaintiff's Amended Complaint [6]. After reviewing Plaintiff's pleadings, the undersigned recommends this action be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

Factual Background

Plaintiff Harold D. Younce, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] on April 20, 2011, naming the following Defendants: Sean D. Alfortish, Wiley J. Beavers, Michael E. Holoway, Stephen London, and Ronna Steel (all purportedly attorneys). Pursuant to the court's Order [3] directing Plaintiff to clarify his claims, Plaintiff filed an Amended Complaint [6] on July 11, 2011, naming the following additional Defendants: Raylyn R. Beevers, Robert Creely, Philip P. Rapp, Todd Johnson, Seafarers International Union of North America, AFL-CIO, Seafarers International Union, AFL-CIO, Seafarers Welare and Benefit Plan and Contracts "Union," John Aloysius Hanley, Martin Macisso, Jean Couvillion, Dr. John Watermeier, Dr. Amusa, 24-Judicial District Court, Parish of Jefferson, State of Louisiana, Judge Ross Ladart, Judge Jo Ellen V. Grant, Peter J. Fitzgerald, Judge Susan M. Chehardy, Judge Edward A. Dufresne, Jr., Judge Fredericka H. Wicker, Judge Pascal F. Calogero, Jr., Judge Jeffrey P. Victory, Judge Jeannette Theriot Knoll, Judge Chet D. Traylor, Judge Catherine D.

1

Kitty-Kimball, Judge John L. Weimer and Judge Bernette J. Johnson.

Plaintiff is a Forrest County, Mississippi resident. The majority of the Defendants reside in Louisiana; one Defendant resides in Mississippi; one Defendant resides in Delaware; one Defendant resides in Maryland; one Defendant resides in Maine; and one Defendant resides in Florida. Plaintiff's complaint and amended complaint allege numerous causes of action including violation of the Jones Act, due process violations, breach of contract, malpractice, and equal protection violations.

## Analysis

In the court's Order [3] directing Plaintiff to amend his complaint, the court noted that it was unclear why this lawsuit was filed in this court when it appears that most, if not all, of the matters mentioned in the original complaint occurred in the State of Louisiana. Accordingly, the court directed Plaintiff to clearly state why this matter was filed in this court. Plaintiff has conceded that the acts and omissions giving rise to his claims occurred or accrued in New Orleans and Gretna, Louisiana. *See* Amended Complaint [6] at 9. However, Plaintiff requests a change of venue because he feels he would not be treated fairly if this action were brought in Louisiana. *Id.* He claims there would be too much "bias and prejudice" in Louisiana due to the parties involved in "Operation Wrinkle Robe." *Id.*

The general venue statute, 28 U.S.C. § 1391(b), provides that in a case where jurisdiction is not based solely on diversity of citizenship,[1] venue is proper in either: "(1) a judicial district

---

[1] Subject matter jurisdiction for this case is not based on diversity of citizenship, as all the parties are not diverse (Plaintiff is a Mississippi resident and one of the Defendants, Jean Couvillion, resides in Mississippi). Rather, subject matter for this action is based on federal question, 28 U.S.C. § 1331, as Plaintiff asserts causes of action under the U.S. Constitution and the Jones Act, 46 U.S.C. § 30104.

where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Subsection (b)(1) is inapplicable since all the Defendants do not reside in the same state. Subsection (b)(2) is applicable to this case since, by Plaintiff's concession, "a substantial part of the events or omissions giving rise to the claim occurred" in New Orleans and Gretna, Louisiana, both located in the Eastern District of Louisiana. Thus, subsection (b)(3) is inapplicable, since it only applies "if there is no district in which the action may otherwise be brought."

Based on the foregoing, venue is proper in the United States District Court for the Eastern District of Louisiana, and not this district, pursuant to 28 U.S.C. § 1391(b)(2). 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This court has discretion to either dismiss Plaintiff's claims or transfer the case, *sua sponte*, pursuant to Section 1406(a). *See Matlock v. Flake*, No. 1:09cv510-HSO-JMR, 2009 WL 3213498, at *2 (S.D. Miss. Sept. 25, 2009). The undersigned finds that the interests of justice would best be served by dismissing this case and allowing Plaintiff to refile his suit in the proper district.[2] This case is in the early stages of litigation; summons has not yet been issued for any Defendant and the case was filed just four

---

[2] Plaintiff may raise his concerns regarding bias and prejudice once his case is filed in the proper district.

months ago. Therefore, the undersigned finds that Plaintiff would not prejudiced by dismissal of this action. *See Matlock*, 2009 WL 3213498, at *1-*3 (dismissing plaintiff's case without prejudice *sua sponte* for improper venue pursuant to Section 1406(a)).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 18th day of August, 2011.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge